

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J. TODD KINCANNON, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:18-00821-MGL |
| | § | |
| JOHN DOE, the Lexington County deputy sheriff; RICHARD ROE, the Lexington County EMS employee; and FRANK FOE, the Lexington Medical Center employee, all with decision-making authority as to the actionable conduct described herein; THE STATE OF SOUTH CAROLINA, a state sovereign liable for the actionable conduct described herein to the extent sovereign immunity is unasserted or unavailable; LEXINGTON COUNTY, a body politic and corporate organized and existing under the laws of the State of South Carolina, liable for the actionable conduct described herein under *Monell v. DSS*, 436 U.S. 658 (1978), and other federal and state laws; and LEXINGTON MEDICAL CENTER, a body politic and corporate organized and existing under the laws of the State of South Carolina, liable for the actionable conduct described herein under *Monell v. DSS*, 436 U.S. 658 (1978), and other federal and state laws, | § | |
|     Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING THE ACTION WITHOUT PREJUDICE**

This case was filed as an action under 42 U.S.C. § 1983.  Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the case be dismissed without prejudice.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 5, 2018, ECF No. 16, but Plaintiff failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court that the action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 27th day of June, 2018, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.